Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2889 | **DATE** | 10/25/2000 |
| **CASE TITLE** | RADIMECKY vs. MERCY HEALTH CARE & REHABILITATION CENTER et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss is granted in part and denied in part. Plaintiff is given to November 8, 2000 to file an amended complaint consistent with this opinion. Defendants are given to December 1, 2000 to answer the amended complaint. The parties are directed to conduct an FRCP 26(f) and file a form 35 by December 11, 2000. Status hearing is set for December 14, 2000 at 10:00 am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | OCT date docketed 2000 |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | 15 docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| JS | courtroom deputy's initials | 10/25/2000 date mailed notice |
| | Date/time received in central Clerk's Office | JS mailing deputy initials |

FILED FOR DOCKETING
00 OCT 26 AM 7: 54

Document Number 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL RADIMECKY,

    Plaintiff,

v.     No. 00 C 2889

MERCY HEALTH CARE AND
REHABILITATION CENTER et. al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Daniel R. Radimecky filed a complaint against defendants Mercy Health Care and Rehabilitation Center ("Mercy Health"), Mercy Services Corporation ("Mercy Services"), Janice L. Podwika, Shirley Haywood, Sherry Thomas, Caryn Moore, Linda Hands, and Bonnie Bodicker (together "the individual defendants" unless otherwise noted[1]), alleging that he was discriminated against based on his disability in violation of the Americans With Disabilities Act, 42. U.S.C. § 12101 et seq. ("ADA") (Count 1) and against Mercy Health, Mercy Services, and Janice Podwika alleging that he was discharged in retaliation for filing his charge of discrimination in violation of Title VII of the Civil Rights Act of 1964,

---

[1] According to defendant's Motion to Dismiss, p. 1, plaintiff misspelled Podwika as "Podwicka" in the original complaint. According to plaintiff's Response to defendants' Motion to Dismiss, p. 3, Bonnie Pollette was misnamed Bonnie Bodicker. Because all claims against these individuals are dismissed pursuant to this order, plaintiff's request to amend his complaint to correct this misnomer is moot.

1

42 U.S.C. §2000e-3(a) ("Title VII") (Count 2). Plaintiff also alleges state common law tort claims of retaliatory discharge against Mercy Health, Mercy Services, and Janice Podwicka (Count 3), assault and battery against Mercy Health, Mercy Services, and Shirley Haywood (Count 4), breach of contract against Mercy Health and Mercy Services (Count 5), intentional infliction of emotional distress against Mercy Health, Mercy Services, and Janice Podwicka (Count 6), and defamation against Mercy Health, Mercy Services, and Janice Podwicka (Count 7). Defendants have filed a Rule 12(b)(6) motion to dismiss Mercy Services and the individual defendants from Count 1, Mercy Services and Janice Podwika from Count 2, Mercy Services from Counts 4 and 5, and all defendants from Counts 3, 6, and 7. For the following reasons, defendants' motion to dismiss is granted in part and denied in part.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977); Turner/Ozanne v. Hyman Power, 111 F.3d 1312, 1319 (7th Cir. 1992). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Any ambiguities are to be construed in favor of the plaintiff. Kelly v. Crossfeld Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998); Curtis v. Bembenck, 48 F.3d 281, 283 (7th Cir. 1995). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I. <u>Federal Law Claims</u>

Plaintiff alleges that Mercy Services, Mercy Health, and the individual defendants discriminated against him based on his disability in violation of the ADA (Count 1) and that Mercy Services, Mercy Health, and Janice Podwika discharged him in retaliation for filing a charge of discrimination in violation of Title VII (Count 2). For the reasons discussed below, defendants' motion to dismiss both the ADA and the Title VII claims is denied both as to Mercy Services and as to individual defendants.

   A. <u>Mercy Services</u>

Title VII provides, in part, that it is unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). As such, plaintiff can state a claim against Mercy Services under Title VII only if Mercy Services was plaintiff's employer. Plaintiff alleges that he was "continuously employed by [Mercy Health]," not Mercy Services. However, plaintiff's complaint also states that, upon information and belief, Mercy Services "was the parent corporation of Mercy [Health]."[2] His response to the motion to dismiss elaborates upon that allegation, stating that Mercy Services "openly declares its affiliation with [Mercy Health] on the very sign in front of the [Mercy Health] nursing center," that Mercy Health's letter-head states that the two companies are affiliates of one another, and that Mercy

---

[2] Defendants submitted an affidavit from the general counsel of various Mercy Health Care corporations stating that Mercy Services "is not now and never has been the parent corporation of [Mercy Health Care]." While this court could consider that affidavit in a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or a 12(b)(2) motion to dismiss for lack of personal jurisdiction, this court cannot and will not consider it in this 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted because it is a matter outside of the pleadings, and this court must accept plaintiff's well-plead allegations as true.

Services owns Mercy Hospital and Medical Center. Defendants argue that these allegations are insufficient to state a claim against Mercy Services because Mercy Services never employed plaintiff and because Mercy Services was not named in plaintiff's EEOC charge.

This court finds that plaintiff's allegations, and the reasonable inferences which must be drawn therefrom, are sufficient to state a claim against Mercy Services as plaintiff's de facto employer under Title VII. Ordinarily, "a party not named in an EEOC charge may not be sued under Title VII," Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989); or under the ADA, Weiler v. Household Finance Corp., No. 93 C 6454, 1995 U.S. Dist. LEXIS 10566, *6 (N.D. Ill. Jul. 27, 1995). However, where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," a suit may still be maintained against that unnamed party. Schnellbaecher, 887 F.2d at126. In Papa v. Katy Indus., Inc., 166 F.3d 937, 940-41 (7th Cir. 1999), the Seventh Circuit identified three situations in which affiliated parent-subsidiary corporations should be considered a single employer, such that the parent may be considered the employer and notice of EEOC charges to a subsidiary is the equivalent to notice to the parent: (1) where the traditional conditions are present for piercing the corporate veil; (2) where an enterprise splits itself up into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws; or (3) where the parent corporation might have directed the discriminatory act of which the employee of the subsidiary is complaining. See also EEOC v. Foster Wheeler Constructors, Inc., 1999 WL 507397, at *6 (N.D. Ill. Jul. 6, 1999).

Every court in this circuit that has examined the issue of parent liability for the discriminatory act of a subsidiary has done so in a motion for summary judgment or 12(b)(1) motion to dismiss for lack of

4

subject matter jurisdiction, and thus undergone an intensive factual inquiry to assess the relationship between the parent and the subsidiary. See, e.g., Papa v. Katy Industries, Inc., 166 F.3d 937 (7th Cir. 1999) (establishing new three-part test for whether an affiliated corporation can be held liable in determining whether the employer has the minimum 15 employees required to be subject to Title VII's prohibition against discrimination); Atkins v. Jad Hosiery, Inc., 2000 WL 988534 (N.D. Ill. Jul. 17, 2000) (12(b)(1) motion to dismiss for lack of subject matter jurisdiction); Jefferson v. Ingersoll Intern., Inc., 2000 WL 28256, (N.D. Ill. Jan. 4, 2000) (summary judgment); Chavez v. Lawrence & Frederick, Inc., 1999 WL 803374 (N.D. Ill. Oct. 6, 1999) (summary judgment); EEOC v. Foster Wheeler Constructors, Inc., 1999 WL 507397 (N.D. Ill. Jul. 6, 1999) (summary judgment). Such a factual inquiry is not appropriate in this 12(b)(6) motion to dismiss, in which this court must not only accept plaintiff's well-pleaded allegations as true, but also must make all reasonable inferences in favor of plaintiff from those allegations. While plaintiff has not specifically alleged any of the situations under which a parent and subsidiary could be deemed a "single employer," he has alleged that the two companies are affiliated and have a parent-subsidiary relationship. Making reasonable inferences from plaintiff's allegations, it is possible that plaintiff can prove a set of facts which would entitle him to relief against Mercy Services under one of the three ways of showing that Mercy Services and Mercy Health Care are a single employer for purposes of Title VII. As such, the motion to dismiss Mercy Services as a defendant must be denied.

Plaintiff should bear in mind that in order to survive a motion for summary judgment against Mercy Services, he will have to come forward with evidence fitting one of the three exceptions explained above: that traditional conditions for "piercing the corporate veil" of Mercy Services exist, or that Mercy Services might have directed the discriminatory act, practice, or policy of which he was complaining, such that

Mercy Services is the actual violator.[3] In Illinois, a corporation's "veil" of limited liability may be pierced only if two requirements are met: First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. Van Dorn Co. v. Future Chemical and Oil Corp., 753 F.2d 565, 569-70 (7th Cir. 1985). Stock control and the existence of common officers and directors are generally prerequisites to the piercing of the corporate veil, although these factors alone will not suffice. C M Corp. v. Oberer Dev. Co., 631 F.2d 536, 539 (7th Cir. 1980). To determine whether there is sufficient "unity of interest and ownership" between two corporations, Illinois focuses on four factors: "(1) the failure to maintain adequate corporate records or to comply with corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of another as its own." Van Dorn, 753 F.2d at 570.

B. Individual Defendants

The individual defendants named in Count 1 argue that they may not be held liable under the ADA. Plaintiff does not allege that any of these individuals was his employer. Because individuals who do not otherwise meet the statutory definition of "employer" cannot be held individually liable under the ADA, United States EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir. 1995), the individual defendants' motion to dismiss the ADA claim against them is granted. Similarly, Janice Podwika argues that she may not be held individually liable for the retaliatory discharge claim in Count

---

[3]The third manner of showing that a parent and a subsidiary are a single employer -- that the enterprise splits itself into a small number of corporations of fewer than 15 employees for the express purpose of avoiding liability -- is not applicable here. There is no allegation that Mercy Health Care has fewer than 15 employees so as to be exempt from Title VII liability.

6

2 under Title VII. Again, because an individual who does not otherwise meet the statutory definition of "employer" cannot be held individually liable under Title VII, see Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995), Janice Podwika's motion to dismiss the Title VII retaliatory discharge claim against her is granted.

II.     State Law Claims

   A.     Tort of Retaliatory Discharge (Count 3)

Plaintiff alleges that defendants Mercy Health, Mercy Services, and Janice Podwika terminated plaintiff in violation of Illinois common law based upon the reports he made to defendants and to the Illinois Department of Public Health ("Health Department") alleging that "numerous state and federal regulatory and statutory nursing home violations" existed at Mercy Health. To state a claim for retaliatory discharge in Illinois, a plaintiff-employee must allege "that the employer discharge[d] the employee in retaliation for the employee's activities, and that the discharge [was] in contravention of a clearly mandated public policy." Palmateer v. International Harvester Co., 85 Ill. 2d 124, 134, 421 N.E.2d 876, 881 (Ill. 1981).

Defendants argue that recent Illinois Supreme Court precedent precludes an employee of a nursing home from stating a claim for the tort of retaliatory discharge against an employer based on the Illinois Nursing Home Care Reform Act, 210 Ill. Comp. Stat. 45/1-101, et seq. The Illinois Supreme Court, however, has held only that § 3-608 of the Nursing Home Care Reform Act, 210 Ill. Comp. Stat. 45/3-608, "does not imply a private right of action for nursing home employees who are retaliated against by their employer." Fisher v. Lexington Health Care, Inc., 188 Ill. 2d 455, 460, 722 N.E.2d 1115, 1118 (Ill. 1999). Fisher dealt specifically with an implied right of action under a specific statute and not with the tort of retaliatory discharge. See id. at 468 (recognizing that "this case does not involve the common law tort of

7

retaliatory discharge"). The plaintiffs in Fisher were harassed at their nursing home jobs, but they were not terminated, and therefore could not state a claim for retaliatory discharge. A nursing home employee who has been terminated for allegedly reporting violations of the Nursing Home Care Reform Act or other health and safety regulations, however, may still state a claim for the common law tort of retaliatory discharge against an employer. Under Fisher, the fact that an employee reports a violation of the Nursing Home Care Reform Act, as opposed to some other statute which involves a strong public policy of the state, does not limit the employee's ability to state a claim for retaliatory discharge.

1. Mercy Health

Plaintiff adequately alleges the elements of retaliatory discharge against Mercy Health. Plaintiff alleges that he was "continuously employed by [Mercy Health]." He further alleges that "numerous state and federal regulatory and statutory nursing home violations" existed at Mercy Health and that Mercy Health terminated plaintiff "based on the reports he made to defendants and the [Illinois Department of Public Health] about the nursing home violations." Finally, plaintiff alleges that "public policy of the State of Illinois forbids employers from terminating employees in retaliation for reporting nursing home violations."

Both Illinois precedent and the Nursing Home Care Reform Act suggest that plaintiff may be able to prove a set of facts which would establish that he was terminated in retaliation for reporting nursing home violations, and that the termination contravened a clearly mandated public policy. Section 3-608 of the Nursing Home Care Reform Act explicitly states that a nursing home or its agents or employees may not "retaliate against . . . an employee . . . who makes a report . . . or files a complaint . . . because of the report . . . or complaint." 210 Ill. Comp. Stat. 45/3-714. This section of the Act suggests that the legislature has mandated that it is the public policy of Illinois to protect nursing home employees who

8

attempt to protect the health, safety and welfare of nursing homes residents. Further, ample Illinois precedent supports this reading of the statute. Shores v. Senior Manor Nursing Center, 164 Ill. App. 3d 503, 506-07, 518 N.E.2d 471, 474 (Ill. App. 5th Dist. 1988) ("[D]ischarging an employee of a nursing home for complying with her statutory duty to report abuse and neglect violates the underlying public policy of protecting the health, safety, and welfare of residents of nursing homes."); Palmateer, 85 Ill. 2d at 132, 421 N.E.2d at 879 ("There is no public policy more important or fundamental than the one favoring the effective protection of the lives and property of citizens.").

Because plaintiff has adequately alleged facts which could establish that Mercy Health discharged him in retaliation for reporting health code violations existing in the nursing home, and that the discharge might be in contravention of a clearly mandated public policy, the motion to dismiss Count 3 on behalf of Mercy Health is denied.

2. Mercy Services

As explained above, plaintiff has sufficiently alleged that Mercy Services is liable for the acts of Mercy Health. Plaintiff has alleged that Mercy Health terminated him "based on the reports he made to defendants and the [Illinois Department of Public Health] about the nursing home violations," and has sufficiently alleged that Mercy Services acted as plaintiff's employer as the parent corporation of Mercy Health. The motion to dismiss Defendant Mercy Services from Count 3 is also therefore denied.

3. Janice Podwika

A plaintiff may not bring a retaliatory discharge action against the employee or agent who, on behalf of the plaintiff's former employer, discharged the plaintiff in alleged violation of public policy. See Buckner v. Atlantic Plant Maintenance, Inc., 182 Ill. 2d 12, 13, 694 N.E. 2d 565, 566 (Ill. 1998). Plaintiff alleges that Janice Podwika was employed as Administrator of Mercy Health, that he reported regulatory

9

violations to her, and that plaintiff was subsequently terminated. These allegations suggest that plaintiff is attempting to state a claim against Podwika as an employee or agent of Mercy Health. There is no allegation or argument that Podwika did not act on behalf of Mercy Health. Therefore, the claim against Janice Podwika must be dismissed.

B. Assault and Battery (Count 4)

Defendant Mercy Services argues that plaintiff fails to allege facts which could establish liability for assault and battery against Mercy Services based on the acts of its employees. An employer may be held liable "to a third person on whom an assault and battery is wrongfully committed by his employee while acting within the scope and course of his employment." Awe v. Striker, 129 Ill. App. 2d 478, 481, 263 N.E.2d 345, 346 (Ill. App. 4th Dist. 1970). Plaintiff alleges that the employee who allegedly committed the assault and battery against him was "the agent and employee of defendants [Mercy Health] and [Mercy Services] acting in the course of employment." The motion to dismiss Mercy Services from Count 4 is therefore denied.

C. Breach of Contract (Count 5)

Defendant Mercy Services argues that the plaintiff fails to allege facts that could establish liability for breach of contract against Mercy Services. Again, plaintiff alleges that he was "continuously employed by" Mercy Health, but has also alleges sufficient facts to state a claim against Mercy Services under a corporate veil-piercing theory of liability. As such, defendants' motion to dismiss plaintiff's breach of contract claim against Mercy Services is denied.

D. Intentional Infliction of Emotional Distress (Count 6)

Defendants argue that the plaintiff fails to state a claim for intentional infliction of emotional distress because plaintiff fails to allege acts that are sufficiently "outrageous." To state a claim for

intentional infliction of emotional distress in Illinois, a plaintiff must allege that (1) the conduct was extreme and outrageous; (2) the actor intended or knew that there was a high probability that the conduct would inflict severe emotional distress; and (3) the conduct did in fact cause such distress. Doe v. Calumet City, 161 Ill. 2d 374, 641 N.E.2d 498, 506 (Ill. 1994); Van Stan v. Fancy Colours & Co., 125 F.3d 563, 567 (7th Cir. 1997) (citations omitted). Conduct is extreme and outrageous only if "the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency." Harriston v. Chicago Tribune Co., 992 F.2d 697, 702-03 (7th Cir. 1993) (quoting Public Finance Corp. v. Davis, 66 Ill. 2d 85, 360 N.E.2d 765, 767 (Ill. 1976)). Conduct is considered extreme and outrageous where "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'" Doe, 641 N.E.2d at 507 (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). Extreme and outrageous conduct does not arise from "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," nor does it arise from conduct "characterized by malice or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Van Stan, 125 F.3d at 567 (quoting Public Finance Corp., 360 N.E.2d at 767).

In the employment context, Illinois courts limit recovery to cases in which "the employer's conduct has been truly egregious." Van Stan, 125 F.3d at 568 (citations omitted). However, whether conduct is extreme and outrageous is judged on "an objective standard based on all the facts and circumstances of a particular case." Id. at 567 (quoting Harriston, 992 F.2d at 703; McGrath v. Fahey, 126 Ill. 2d 78, 533 N.E.2d 806, 811 (Ill. 1988)). In this case, plaintiff argues that the trier of fact could reasonably find that "the physical assault of an employee" in connection with the wrongful termination of that employee sufficiently outrageous to state a cause of action. Because this claim requires the weighing of individual facts and circumstances, dismissal is inappropriate at this time. Therefore, defendants' motion to dismiss

the intentional infliction of emotional distress claim is denied.

E. Defamation (Count 7)

Plaintiff alleges that the defendants Mercy Services, Mercy Health, and Janice Podwika published a defamatory statement that injured his professional reputation as a nurse. Under Illinois law, in order to establish a claim for defamation, the plaintiff must demonstrate that: (1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication to a third party with fault by the defendant; and (3) this caused damage to the plaintiff. Krasinski v. United Parcel Service, Inc., 124 Ill. 2d 483, 490, 530 N.E.2d 468, 471 (Ill. 1988). "If the defamation claim arises out of an employer-employee relationship, the plaintiff may be confronted with a qualified privilege. To overcome the privilege, the plaintiff has to plead and prove that the statements were made with actual malice." Id. In order to show "actual malice" the plaintiff must demonstrate that the statement was made with knowledge of its falsity or in reckless disregard for its truth or falsity. Id.

In this case, the plaintiff merely concludes that the defamatory statements were published, alleging only that Mercy Services, Mercy Health, and Janice Podwika "have published the defamatory statement that plaintiff was terminated for job abandonment." Plaintiff fails to allege that defendants published the alleged defamatory statement to a third party or that the statement was made with knowledge of or in reckless disregard of its falsity. Defendants' motion to dismiss the defamation claim is therefore granted. Plaintiff is granted leave to amend his complaint to properly allege all the elements of defamation.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss is GRANTED in part and DENIED in part. Mercy Services' motion to dismiss Counts 1, 2, 3, 4, and 5 is DENIED. The motion to dismiss individual defendants Janice Podwika, Shirley Haywood, Sherry Thomas, Caryn Moore, Linda Hands, and Bonnie

Bodicker, as to Count 1 and Janice Podwika as to Counts 2 and 3 is GRANTED. Mercy Health's motion to dismiss Count 3 is DENIED. The motion to dismiss defendants Mercy Health, Mercy Services, and Janice Podwika from Count 6 is DENIED. The motion to dismiss all defendants from Count 7 is GRANTED. As such, all individually named defendants, with the exception of Shirley Haywood in Count 4 and Janice Podwika in Count 6, are DISMISSED without prejudice from this litigation, and Count 7 of plaintiff's complaint is DISMISSED without prejudice in its entirety. Plaintiff is granted leave to file an amended complaint consistent with this ruling by November 8, 2000. The remaining defendants, Mercy Health Care Mercy Services, Shirley Haywood, and Janice Podwicka, are given until December 1, 2000 to answer or otherwise plead to plaintiffs amended complaint. The parties are ordered to confer pursuant to Fed. R. Civ. P. 26(f), and to submit a completed Form 35 by December 11, 2000 and strongly urged to discuss the settlement of this case. This case is set for report on status at 10:00 on December 14, 2000.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: October 25, 2000